IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SCOTT LAUTENBAUGH, on behalf of himself and the class he seeks to represent, | ) ) ) ) | |
| Plaintiff, | ) ) | 4:12CV3214 |
| v. | ) ) | |
| NEBRASKA STATE BAR ASSOCIATION; WARREN R. WHITTED, JR., President, Nebraska State Bar Association, in his official capacity; MARSHA E. FANGMEYER, President-Elect, Nebraska State Bar Association, in her official capacity; and G. MICHAEL FENNER, President-Elect Designate, Nebraska State Bar Association, in his official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

Mr. Lautenbaugh, a Nebraska state legislator and a member of the Nebraska bar, has filed this civil rights suit claiming that the Nebraska State Bar Association violates his civil rights. Currently pending before me is Mr. Lautenbaugh's motion to certify this case as a class action.

Under [Federal Rule of Civil Procedure 23(a)(4)](#), I deny that motion. I conclude that Mr. Lautenbaugh is not an "adequate" class representative. To be clear, this conclusion is not a criticism of Mr. Lautenbaugh. Specifically, this decision is *not* an adverse comment on Mr. Lautenbaugh's integrity or his abilities as a lawyer.

I do not reach any of the other class action issues. My reasons for this ruling are set forth briefly below.

## *I. BACKGROUND*

In his complaint, Mr. Lautenbaugh alleges that:

> 1. This civil rights class action seeks immediate injunctive and declaratory relief to redress and prevent the deprivation of Plaintiff Lautenbaugh's rights, and the rights of the class members he seeks to represent, against compelled speech and compelled association protected by the First and Fourteenth Amendments to the United States Constitution by practices and policies of Defendants acting under color of state law.
>
> 2. Specifically, those rights have been violated by Defendants' imposition of mandatory dues as a condition of membership to the Nebraska State Bar Association ("NSBA"), which is a prerequisite to the ability to practice law in the State of Nebraska. A portion of these mandatory dues, however, are used to fund political, ideological, and other non-germane activities ("non-chargeable activities") which Plaintiff Lautenbaugh and other class members do not support. Defendants fail to provide constitutionally required procedural protections to safeguard Plaintiff's and other class members' constitutional rights. Plaintiff therefore seeks declaratory and injunctive relief to abate and correct Defendants' unconstitutional actions.

(Filing no. 1 at CM/ECF p. 2.)

Mr. Lautenbaugh also alleges that there is now pending before the Nebraska Supreme Court his petition to do away with "unified" nature of the Nebraska State Bar Association. (*Id.* at CM/ECF pp. 12-13 & ¶¶ 45-48.). That is, Mr. Lautenbaugh seeks to set aside the requirement that a lawyer who desires to practice law before the Nebraska state courts must be a member of the Nebraska State Bar Association.

Mr. Lautenbaugh also alleges that this suit is driven, in part, by his activities as a Nebraska legislator. That is, Mr. Lautenbaugh asserts that the Nebraska State Bar Association has opposed bills that he introduced as a state legislator. (*Id.* at CM/ECF p. 3 & ¶ 9.)[1]

Further, Mr. Lautenbaugh alleges that:

> 20. This is a class action brought by Plaintiff Lautenbaugh on his own behalf and on behalf of others similarly situated, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class that Plaintiff Lautenbaugh seeks to represent consists of all current NSBA members who paid annual dues in 2012 and selected the "check-off" option on their annual dues notices, or will select the "check-off" option on their 2013 dues notices, thus attempting to exempt their dues from use for non-chargeable activities conducted by the NSBA. It also includes any NSBA members who have filed or will file a grievance pursuant to the NSBA's defective grievance procedure, as described below.

(*Id.* at CM/ECF p. 6.)

He requests declaratory and injunctive relief. Specifically, and in addition to attorney fees and costs, he seeks:

> 1. Entry of judgment declaring that Plaintiff Lautenbaugh and other class members have First Amendment rights against compelled speech and compelled association, and therefore have a constitutional right to prevent Defendants from using their member dues on non-chargeable activities;
>
> 2. Entry of judgment declaring that Defendants' Lobbying Check-Off and Grievance Procedures are unconstitutional, and that using mandatory dues for non-chargeable activities while maintaining such policies deprives Plaintiff Lautenbaugh and other class members of

---

[1] He also asserts that the Nebraska State Bar Association has supported or taken no position on other bills he introduced. *Id.*

3

rights, privileges, and/or immunities secured to them by the First and Fourteenth Amendments, and, therefore, Defendants are liable to Plaintiff Lautenbaugh and other class members under 42 U.S.C. § 1983;

    3. Entry of judgment declaring that Defendants' practice of using an opt-out procedure for funding non-chargeable activities is unconstitutional, and using mandatory dues for non-chargeable activities while maintaining an opt-out procedure rather than an opt-in procedure deprives Plaintiff Lautenbaugh and other class members of rights, privileges, and/or immunities secured to them by the First and Fourteenth Amendments, and, therefore, Defendants are liable to Plaintiff and other class members under 42 U.S.C. § 1983;

    4. Entry of judgment declaring that Defendants' Lobbying Check-Off and Grievance Procedures fail to comply with *Hudson* and thus deprive Plaintiff Lautenbaugh and other class members of their Fourteenth Amendment right to procedural due process, and, therefore, Defendants are liable to Plaintiff Lautenbaugh and other class members under 42 U.S.C. § 1983; [and]

    5. Entry of preliminary and permanent injunctions against Defendants prohibiting the collection of mandatory member dues from Plaintiff Lautenbaugh and other class members unless and until procedures that properly safeguard the First and Fourteenth Amendment rights of Plaintiff Lautenbaugh and other class members are adopted[.]

(*Id.* at CM/ECF pp. 21-22.)

## II. ANALYSIS

Mr. Lautenbaugh is the only plaintiff and the only person who seeks to represent the class. He seeks class certification under Federal Rule of Civil Procedure 23(b)(2).

"Because 'unnamed members are bound by the action without the opportunity to opt out' of a Rule 23(b)(2) class, even greater cohesiveness generally is required"

4

between the party seeking class certification and the other class members. *In re St. Jude Medical, Inc.*, 425 F.3d 1116, 1121-22 (8th Cir. 2005) (citation omitted). With the requirement of "even greater cohesiveness" in mind, I now examine Mr. Lautenbaugh's suitability to represent the asserted class.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Among other things, a determination of adequacy typically entails inquiry as to whether the plaintiff's interests are antagonistic to the interest of other members of the class. *See, e.g., Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir.2000). The inquiry is designed "to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). "[A] proposed class representative may not satisfy the adequacy prong if his or her case involves problems that 'could become the focus of cross-examination and unique defenses at trial, to the detriment of the class.'" *Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 177 (S.D. N.Y. 2008) (quoting *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 144 (S.D.N.Y.2007)).

There are compelling reasons to believe that Mr. Lautenbaugh could not "adequately" represent the class members. I will highlight several of those reasons:

\* Mr. Lautenbaugh has filed a petition with the Nebraska Supreme Court to disunify the bar and many members of the proposed class are likely to disagree with any such attempt. Indeed, this suit could be seen as an attempt to indirectly disunify the bar by starving it of revenues.

\* As the defendants' advised me on November 15, 2012 during a scheduling conference, they raise defenses that are unique to Mr. Lautenbaugh's claims such as asserting that this court should abstain as Mr. Lautenbaugh is seeking similar relief before the Nebraska Supreme Court.

\* For judicial ethics reasons, many state court judges, including members of the Nebraska Supreme Court, may have elected not to have their dues used for lobbying purposes by selecting the challenged "check off" provision. If Mr. Lautenbaugh became a class representative for this non-opt-out class, he may well be representing the very Nebraska Supreme Court judges that are currently hearing his petition to disunify the bar. Still further, he would be representing any other state court judges who "checked off" and that could cause serious disqualification issues for those judges if Mr. Lautenbaugh appeared before them as a lawyer, particularly since, under [Rule 23(b)(2)](), they have no ability to opt out.

\* As a state senator whose legislative interests have sometimes been opposed by the Nebraska State Bar Association, Mr. Lautenbaugh is particularly vulnerable to cross-examination on the question of whether he has filed this suit for political reasons.

IT IS ORDERED that the Motion to Certify Class ([filing no. 7]()) is denied.

DATED this 6th day of December, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.