IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SCOTT LAUTENBAUGH, | ) | 4:12CV3214 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| NEBRASKA STATE BAR | ) | |
| ASSOCIATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is an action for injunctive and declaratory relief under 42 U.S.C. § 1983. Named as defendants are the Nebraska State Bar Association ("NSBA") and three of its officers, President Warren R. Whitted, Jr., President-Elect Marsha E. Fangmeyer, and President-Elect Designate, G. Michael Fenner. The plaintiff, Scott Lautenbaugh, is an attorney who is licensed to practice law in Nebraska. He claims the mandatory dues structure of the NSBA violates his First Amendments rights and deprives him of procedural due process as guaranteed by the Fourteenth Amendment.

The defendants have moved to dismiss the plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), based upon the abstention doctrines of *Younger v. Harris*, 401 U.S. 37 (1971), and *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The individual defendants also request dismissal of the official-capacity claims alleged against them on grounds of redundancy.

*Abstention*

The Nebraska bar has been unified since 1937 by means of rules promulgated by the Nebraska Supreme Court. *See In re Integration of Nebraska State Bar Ass'n*, 275 N.W. 265 (Neb. 1937); Neb. Ct. R. §§ 3–801 to 3–814. Seeking to overturn

this system, the plaintiff, on February 29, 2012, "petition[ed] the Supreme Court to abolish/strike/repeal Neb. Ct. R. Chapter 3, Article 8 . . ., and to make whatever other rule changes are necessary to remove any requirement that attorneys licensed in Nebraska be members of the Nebraska State Bar Association" (filing 23-1 at CM/ECF p. 5).[1] On March 21, 2012, the Supreme Court ordered that the plaintiff's petition be published for comment until June 1, 2012 (filing 23-1 at CM/ECF pp. 36-37). *See* Neb. Ct. R. § 1–103(B)(3)(c) ("The Supreme Court may . . . defer action [on a request for the creation, amendment, or repeal of any rule] pending . . . a formal written comment period."). On July 12, 2012, the Supreme Court advised that it had, during consultation on the previous day, "addressed at length its procedural options in advancing this matter to disposition[,]" and concluded that "the complex and important legal questions raised by the petition and comments received herein require comprehensive analysis and careful consideration, thus necessitating additional time for this Court to study this matter" (filing 23-1 at CM/ECF p. 37).[2] The Court ordered that "additional proceedings in this matter, if any, shall be scheduled at a later date by further order of this Court" (*id.*). Ten weeks later, on September 21, 2012, the Court identified "two issues requir[ing] further inquiry and more detailed information," and ordered the NSBA to file a report comprised of the following:

---

[1] The petition was filed with the Clerk of the Supreme Court pursuant to Nebraska Court Rule § 1-103(A) (" Requests to consider the creation, amendment, or repeal of any rule as defined by § 1-102(A), (B), and (C) may be initiated by action of the Supreme Court or brought by any interested party, unless an existing rule contains specific language providing for procedure for amendment. Such request shall be submitted to the Clerk of the Supreme Court. . . ."). The matter was docketed as No. S-36-120001.

[2] Procedurally, "[a]t the completion of the comment period . . ., the Court may accept, reject, or modify the rules request under discussion; the Court may request further written comment as provided in item § 1-103(C) of this rule; or the Court may on its own motion or on the request of an interested party hold a public hearing on the rule amendment sought." Neb. Ct. R. § 1-103(D).

2

> (1) A detailed inventory of all programs, services, and activities of the NSBA and an accounting of funds, both in dollar amount and identity of source, including amounts allocated to administrative and personnel support services for each, which are used to finance each specific undertaking;
>
> (2) A "germaneness" analysis indicating the NSBA's justification as to how its spending as to each of its programs, services, and activities is germane to the purposes for which compelled association is justified under *Keller v. State of California*, 496 U.S.1, 14 (1990); i.e., regulating the legal profession and improving the quality of legal services in Nebraska; and
>
> (3) An analysis and discussion of the constitutional soundness of the NSBA's "opt-out" program for dissenting members in view of *Knox v. Service Employees International Union, Local 100*, ___U.S. ___, 132 S. Ct. 2277, 183 L. Ed. 2d 281 (2012), and any other relevant post-*Keller* decisions subject to further interpretation in light of *Knox*.

(Filing 23-1 at CM/ECF p. 40.) The plaintiff was given "60 days from the date of filing of the NSBA's report to file any exceptions, responses, or comments to such report" (*id.* at CM/ECF p. 41). The matter remains pending.

The defendants argue that the plaintiff's § 1983 action, which was filed in this court on October 10, 2012, should be dismissed because the constitutional issues raised are also being studied by the Nebraska Supreme Court in connection with the plaintiff's petition for repeal or amendment of Chapter 3, Article 8, of the Nebraska Court Rules. That proceeding, however, is not judicial in nature.

Whether *Younger* abstention is appropriate is determined by the factors outlined in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982). *Middlesex* held that federal courts should exercise *Younger* abstention when (1) there is an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) the state proceedings provide an adequate opportunity to raise

3

constitutional challenges. *Sprint Communications Co., L.P. v. Jacobs*, 690 F.3d 864, 867 (8th Cir. 2012), *petition for cert. filed*, 81 USLW 3391 (Jan. 2, 2013)(No. 12-815, 12A499). In such circumstances, principles of comity and federalism preclude federal actions seeking injunctive or declaratory relief. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012). Where no pending state proceeding would be undermined, the rule governing federal court abstention is the converse of the *Younger* rule restricting federal intervention in judicial proceedings. *Coley v. Clinton*, 635 F.2d 1364, 1372 (8th Cir. 1980). As a rule, federal courts are required to exercise their jurisdiction when invoked to redress alleged constitutional deprivations; it is only in exceptional circumstances that a federal court may abstain from decision for state resolution of preliminary issues. *Id.*

The United States Supreme Court has described the distinction between judicial proceedings and legislative proceedings as follows:

> A judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end. Legislation on the other hand looks to the future and changes existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power.

*New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 370-71 (1989) (quoting *Prentis v. Atlantic Coast Line Co.*, 211 U.S. 210, 226 (1908) (Holmes, J.)). The Nebraska Supreme Court's consideration of the plaintiff's petition for a rule change is in the nature of a legislative inquiry, not a judicial one. In the absence of an ongoing state judicial proceeding, as here, the *Younger* abstention doctrine can have no application.

"*Colorado River* abstention arises in limited 'situations involving the contemporaneous exercise of concurrent jurisdictions, . . ..'" *United States v. Rice*, 605 F.3d 473, 476 (8th Cir. 2010) (quoting *Colorado River*, 424 U.S. at 817). "Thus, as a necessary premise of *Colorado River* abstention, 'there must be pending parallel

4

state and federal court proceedings before *Colorado River* is implicated.'" *Id.* (quoting *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009). "Even then, under the standard articulated in *Colorado River*, a federal court should only abstain from a case in which there are parallel state proceedings for exceptional circumstances." *Id.* (internal quotations and citations omitted). "The pendency of a state claim based on the same general facts or subject matter as a federal claim and involving the same parties is not alone sufficient." *Fru-Con Const. Corp.*, 574 F.3d at 535. "Rather, a substantial similarity must exist between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.* "Moreover, in keeping with the Supreme Court's charge to abstain in limited instances only, jurisdiction must be exercised if there is any doubt as to the parallel nature of the state and federal proceedings." *Id.* In this instance, although the Nebraska Supreme Court could moot the plaintiff's claims for declaratory and injunctive relief, in whole or in part, by taking favorable action upon his petition for a rule change, the state proceedings are legislative in nature and do not parallel the plaintiff's federal civil rights litigation. *Colorado River* abstention therefore is inapplicable.

*Official-Capacity Claims*

The plaintiff indicates he sued the NSBA officers out of a concern that the NSBA might be entitled to Eleventh Amendment immunity (filing 35 at CM/ECF pp. 23-24 & n. 16). The defendants acknowledge this possibility (filing 36 at CM/ECF pp. 15-16 & n. 8). Thus, the official-capacity claims brought against the individual defendants are not necessarily redundant. "Under the *Ex Parte Young* doctrine,[3] a private party can sue a state officer in his official capacity to enjoin a prospective action that would violate federal law." *281 Care Committee v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011). Because the plaintiff is only seeking prospective relief, the

---

[3] *Ex Parte Young*, 209 U.S. 123 (1908).

individual defendants' motions to dismiss the official-capacity claims alleged against them will be denied.

Accordingly,

IT IS ORDERED that the defendants' Rule 12(b)(6) motion to dismiss (filing [31](#)) is denied in all respects.

February 4, 2013.                    BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.