IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SCOTT LAUTENBAUGH, | ) | 4:12CV3214 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| NEBRASKA STATE BAR | ) | |
| ASSOCIATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is an action for injunctive and declaratory relief under 42 U.S.C. § 1983. Named as defendants are the Nebraska State Bar Association ("NSBA") and three of its officers (at the time the action was commenced), President Warren R. Whitted, Jr., President-Elect Marsha E. Fangmeyer, and President-Elect Designate, G. Michael Fenner.[1]  The plaintiff, Scott Lautenbaugh, is an attorney who is licensed to practice law in Nebraska.

The plaintiff claims the mandatory dues structure of the NSBA which was in effect prior to January 1, 2014, violated his First Amendment rights and deprived him of procedural due process as guaranteed by the Fourteenth Amendment. The defendants deny these claims and contend the action is moot. Both sides have filed motions for summary judgment. Both motions will be denied.

---

[1] The plaintiff indicates he sued the NSBA officers out of a concern that the NSBA might be entitled to Eleventh Amendment immunity (filing 35 at CM/ECF pp. 23-24 & n. 16). "Under the *Ex Parte Young* doctrine, a private party can sue a state officer in his official capacity to enjoin a prospective action that would violate federal law." *281 Care Committee v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011).

The Nebraska bar has been unified since 1937 by means of rules promulgated by the Nebraska Supreme Court. *See In re Integration of Nebraska State Bar Ass'n, 275 N.W. 265 (Neb. 1937); Neb. Ct. R. §§ 3–801 to 3–814.* Seeking to overturn this system, the plaintiff, on February 29, 2012, "petition[ed] the Supreme Court to abolish/strike/repeal Neb. Ct. R. Chapter 3, Article 8 . . ., and to make whatever other rule changes are necessary to remove any requirement that attorneys licensed in Nebraska be members of the Nebraska State Bar Association" (filing 23-1 at CM/ECF p. 5).[2]  On March 21, 2012, the Supreme Court ordered that the plaintiff's petition be published for comment until June 1, 2012 (filing 23-1 at CM/ECF pp. 36-37).  *See* Neb. Ct. R. § 1–103(B)(3)(c) ("The Supreme Court may . . . defer action [on a request for the creation, amendment, or repeal of any rule] pending . . . a formal written comment period.").

On July 12, 2012, the Supreme Court advised that it had, during consultation on the previous day, "addressed at length its procedural options in advancing this matter to disposition[,]" and concluded that "the complex and important legal questions raised by the petition and comments received herein require comprehensive analysis and careful consideration, thus necessitating additional time for this Court to study this matter" (filing 23-1 at CM/ECF p. 37).[3] The Court ordered that "additional

---

[2] The petition was filed with the Clerk of the Supreme Court pursuant to Nebraska Court Rule § 1-103(A) (" Requests to consider the creation, amendment, or repeal of any rule as defined by § 1-102(A), (B), and (C) may be initiated by action of the Supreme Court or brought by any interested party, unless an existing rule contains specific language providing for procedure for amendment.  Such request shall be submitted to the Clerk of the Supreme Court. . . .").

[3] Procedurally, "[a]t the completion of the comment period . . ., the Court may accept, reject, or modify the rules request under discussion; the Court may request further written comment as provided in item § 1-103(C) of this rule; or the Court may on its own motion or on the request of an interested party hold a public hearing on the rule amendment sought."  Neb. Ct. R. § 1-103(D).

proceedings in this matter, if any, shall be scheduled at a later date by further order of this Court" (*id.*).

Ten weeks later, on September 21, 2012, the Supreme Court identified "two issues requir[ing] further inquiry and more detailed information," and ordered the NSBA to file a report by December 3, 2012, comprised of the following:

> (1) A detailed inventory of all programs, services, and activities of the NSBA and an accounting of funds, both in dollar amount and identity of source, including amounts allocated to administrative and personnel support services for each, which are used to finance each specific undertaking;

> (2) A "germaneness" analysis indicating the NSBA's justification as to how its spending as to each of its programs, services, and activities is germane to the purposes for which compelled association is justified under *Keller v. State of California*, 496 U.S.1, 14 (1990); i.e., regulating the legal profession and improving the quality of legal services in Nebraska; and

> (3) An analysis and discussion of the constitutional soundness of the NSBA's "opt-out" program for dissenting members in view of *Knox v. Service Employees International Union, Local 100*, ___U.S. ___, 132 S. Ct. 2277, 183 L. Ed. 2d 281 (2012), and any other relevant post-*Keller* decisions subject to further interpretation in light of *Knox*.

(Filing 23-1 at CM/ECF p. 40.)  The plaintiff was given "60 days from the date of filing of the NSBA's report to file any exceptions, responses, or comments to such report" (*id.* at CM/ECF p. 41).

The plaintiff filed the instant action on October 12, 2012, and moved for a preliminary injunction "restraining the NSBA from collecting ... mandatory member dues pending a final decision on the merits or until constitutionally adequate procedures are in place and operating" (filing 8 at CM/ECF p. 4)  No hearing was held on the motion for preliminary injunction, however, because the parties entered

3

into a stipulation on December 13, 2012, which was approved by me that same day (filings 33, 34). The stipulation provided that the plaintiff would deposit his 2013 NSBA dues, in the total amount of $335.00, into his trust account, and then pay to the NSBA, from the trust account, the sum of $60.00, which would be remitted to the Nebraska Supreme Court for the Supreme Court Disciplinary Assessment (filing 33 at CM/ECF p. 1). It was also agreed that the plaintiff would hold the balance of his 2013 NSBA dues until further order of the court (*id*).

On December 6, 2013, the Nebraska Supreme Court issued its decision regarding the plaintiff's petition for a rule change. *See In Re Petition for Rule Change to Create Voluntary State Bar Ass'n, 841 N.W.2d 167 (Neb. 2013)* (filing 54-1). In its decision, the Nebraska Supreme Court chose to retain the NSBA as a mandatory bar association but restricted NSBA activities that may be funded by mandatory dues to the following six categories, which were found to be germane to the regulation of the legal profession:

  a. Admitting qualified applicants to membership in the NSBA;
  b. Maintaining the records of membership;
  c. Enforcing the ethical rules governing the NSBA's members;
  d. Regulating the mandate of continuing legal education;
  e. Maintaining records of trust fund requirements for lawyers; and
  f. Pursuing those who engage in the unauthorized practice of law.

The Nebraska Supreme Court's ruling went into effect on January 1, 2014. As a result of the ruling, the NSBA reduced the total amount of mandatory dues for a regular active member from $335.00 to $98.00 for calendar year 2014.

The plaintiff "recognizes that the relief that can be provided [in this action] is necessarily limited to relief regarding the NSBA's practices and procedures that were in effect in 2013 due to the Nebraska Supreme Court's order" (filing 62 at CM/ECF p. 16), but the defendants insist that the entire action has been rendered moot by the order because "[t]he NSBA does not intend to seek Plaintiff's 2013 membership dues

4

currently held in Plaintiff's trust account" (filling 66-1 (declaration of NSBA President G. Michael Fenner), ¶2). Significantly, the defendants provide no assurance that the plaintiff's law license will not be suspended if he refuses to pay the full amount of his 2013 membership dues, but simply take the position that "[w]hether [the plaintiff] pays those dues is an issue between him and the Nebraska Supreme Court" (filing 73 at CM/ECF p. 6).[4]

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, 133 S.Ct. 1017, 1023 (2013) (quoting *Already, LLC v. Nike, Inc.*, 133 S.Ct. 721, 726 (2013)). "But a case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Id.* (quoting *Knox v. Service Employees*, 132 S.Ct. 2277, 2287 (2012)).   "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* (quoting *Knox*, 132 S.Ct., at 2287).

The instant case is not moot because the plaintiff's obligation to pay the balance of his 2013 NSBA dues remains in dispute. The NSBA has only disclaimed any interest in the $275.00 which is being held in the plaintiff's trust account.

Turning to the merits, genuine issues of material fact exist which preclude the entry of summary judgment for either side regarding the constitutionality of the dues schedule which in effect during 2013. I am aware that the parties conducted settlement negotiations after the Nebraska Supreme Court issued its ruling in December 2013,

---

[4] The Nebraska Supreme Court rules provide that "[a]ll [NSBA] members who shall fail to pay delinquent assessments ...  shall be reported to the Supreme Court by the Administrator of Attorney Services Division, and the Supreme Court shall enter an order to show cause why such member shall not be suspended from membership in this Association" (filing 66-1 at 87).  Neb. Ct. R. § 3–803(E).

and earnestly request that they now resume negotiations with the certain knowledge that the case will be going to trial if a settlement cannot be reached.[5]

Accordingly,

IT IS ORDERED:

1.    Plaintiff's motion for summary judgment (filing 61) is denied.

2.    Defendants' motion for summary judgment (filing 64) is denied.

3.    Plaintiff's counsel shall make necessary arrangements with Defendants' counsel to jointly contact my judicial assistant, Kris Leininger by the close of business on Monday, September 8, 2014 (by telephone at (402) 437-1640) to schedule a subsequent telephone conference with me regarding the setting of dates for a final pretrial conference and a bench trial.

4.    The undersigned respectfully requests that able counsel try again to settle this matter between now and September 8, 2014.

August 11, 2014.                    BY THE COURT:

                                    s/ Richard G. Kopf
                                    Senior United States District Judge

---

[5] Quite frankly, it appears that the plaintiff's primary purpose for continuing this litigation is to recover an award of attorney fees under 42 U.S.C. § 1988(b). While the prospect of an attorney fee award raises the monetary stakes in this case, the limited relief which is now being sought by the plaintiff will be an important factor in evaluating the reasonableness of any fee application.

6